**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                  **Plaintiff,**<br><br>       v.<br><br>**SHARON ANZALDI, PHILLIP DeSALVO, and STEVEN LATIN,**<br><br>                  **Defendants.** | **Case No. 11 CR 820**<br><br>**Hon. Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

Before the Court are the Defendants' Post-Trial Motions. For the reasons stated herein, the Motions are denied.

### I. BACKGROUND

The Court presumes familiarity with its April 26, 2013 Opinion and thus provides only a brief summary of the relevant factual background in this matter. Defendants Sharon Anzaldi ("Anzaldi"), Phillip DeSalvo ("DeSalvo"), and Steven Latin ("Latin") were indicted for conspiring to defraud the United States Department of Treasury by filing false tax returns in violation of 18 U.S.C. § 286. The indictment also charged each Defendant with executing a fraudulent tax return in violation of 18 U.S.C. § 287.

Trial evidence established that Defendants prepared fraudulent tax returns. They gathered taxpayers' mortgage and debt information and then claimed the taxpayers' debt amount as both 1099 OID interest income and tax withholdings, thereby seeking falsely inflated refunds. Emails recovered pursuant to a search

warrant showed that Defendants collaborated by assisting one another in filing the charged returns and sharing information and strategies. For example, DeSalvo sent Anzaldi and Latin information about how to file a return so as not to be flagged by the IRS. In another email, Latin asked DeSalvo what he should do about a frivolous filing letter he received from the IRS; DeSalvo forwarded that email to Anzaldi.

The evidence showed Defendants filed fourteen fraudulent returns that sought more than $8 million in refunds. The Internal Revenue Service (the "IRS") issued five refunds, totaling more than $1.2 million. The Government introduced evidence that DeSalvo and Latin used their proceeds to purchase an Acura SUV as well as furniture and electronics.

A jury convicted Defendants of all counts. Pursuant to Federal Rules of Criminal Procedure 29 and 33, Defendants have now moved for a judgment of acquittal or a new trial.

## II. **ANALYSIS**

In relevant part, Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). A defendant who requests a judgment of acquittal under Rule 29:

> faces a nearly insurmountable hurdle because [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determinations of the jury, and overturn[s] a verdict only when

> the record contains no evidence, regardless of
> how it is weighed, from which the jury could
> find guilt beyond a reasonable doubt.

*United States v. Blassingame,* 197 F.3d 271, 284 (7th Cir. 1999).

Federal Rule of Criminal Procedure 33 allows a court to vacate any judgment and grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). Motions under Rule 33 are not an opportunity "to reweigh the evidence and set aside the verdict simply because [the Court] feels some other result would be more reasonable." *United States v. Reed,* 875 F.2d 107, 113 (7th Cir. 1989). Relief is appropriate "only in those really exceptional cases" in which "the evidence [] preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* Relief under Rule 33 is disfavored and granted "sparingly and with caution." *Id.*

### A. Defendant Anzaldi

Defendant Anzaldi contends that the jury erred because the jurors "had no concept of what was being presented before the court . . . as there is no money, there is just a means of exchange, also known as tax credits, which is what 1099 OIDs are." ECF No. 148 at 3. This argument is unsupported and perfunctory; it is therefore waived. *See, United States v. Useni,* 516 F.3d 634, 658 (7th Cir. 2008).

Anzaldi argues next that the trial jurors did not hear exculpatory evidence, but in the next sentence she contradicts herself when she mentions that Prosecutors entered that information

- 3 -

into evidence.  She argues that Prosecutors failed to enter her amended tax returns into evidence, but that assertion is false: the amended tax returns were introduced and sent back to the jury as "2008 Amended Return 1" and "2008 Amended Return 2."  Anzaldi appears to assert as a defense that she was the victim of identity theft; but at trial she failed to present evidence supporting that defense, even though she is the only person who seems to know the circumstances of that identity theft.  Anzaldi renews an argument that this Court rejected previously:  that she was never indicted by a grand jury.  In fact, Anzaldi's indictment was proper.

With all of these arguments, Anzaldi contradicts herself, misstates evidence, and fails to include any supporting precedent.  Anzaldi's arguments are insufficient to justify relief under Rules 29 or 33, so her Motion for Judgment of Acquittal or a New Trial is denied.

## B.  Defendant DeSalvo

### 1.  *Motion for Judgment of Acquittal as to Count One*

Defendant DeSalvo argues that he is entitled to a judgment of acquittal as to Count One, conspiracy to defraud the government. For this Count, the government was required to establish five elements:

1. There was a conspiracy to obtain and aid in obtaining payment based on a false, fictitious, or fraudulent claim against the United States Department of Treasury, Internal Revenue Service, as charged in Count One;

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy;

3. The defendant knew that the claim was false, fictitious, or fraudulent;

4. The defendant acted with the intent to defraud; and

5. One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

Final Jury Intrs., ECF No. 138 at 14. The Government proved these elements through the evidence introduced at trial.

DeSalvo argues that there was a lack of evidence of concerted criminal activity because he had no knowledge of, or stake in, his mother's enterprise of making money by convincing people to file 1099 OID returns. However, Count One did not accuse DeSalvo of participating in Anzaldi's filing of fraudulent returns for other people. DeSalvo's argument is irrelevant because it does not matter if the Government failed to prove something that it did not need to prove.

DeSalvo protests that emails introduced at trial "at most showed only connections of family and friendship and information sharing," and that evidence of assistance to Robert Anzaldi, Jr. and Frank Mazziotta does not show conspiracy. ECF No. 156 at 4-7. As this Court explained previously, the emails establish that DeSalvo (1) knew of the conspiracy and (2) intended to associate himself with the criminal scheme; no more is required to show involvement in a conspiracy. ECF No. 122 at 21; *United States v.*

*Sullivan,* 903 F.2d 1093, 1098 (7th Cir. 1990). Particularly at this stage where the Court is required to draw all reasonable evidentiary inferences in favor of the Government, the Court declines to alter that finding.

Finally, DeSalvo argues that there was insufficient evidence from which any reasonable jury could find that he knew that the returns were incorrect. Email evidence disproves that claim. In addition, the jury was allowed to draw the reasonable inference that DeSalvo knew that he was filing an incorrect return when he claimed a six-figure tax refund based on money owed for credit card and mortgage debt. As to Count One, DeSalvo's Motion for a New Trial is denied.

### *2. Motion for Judgment of Acquittal as to Counts Eleven, Twelve, and Thirteen*

DeSalvo moves this Court to acquit him of the Counts based on false claims because he acted in good faith, thought he was filing truthful tax returns, and did not know that the 1099 theory was invalid. Again, the evidence at trial demonstrated the opposite. At this stage, with all reasonable evidentiary inferences drawn in favor of the Government, there is no basis for this Court to enter judgment of acquittal for DeSalvo.

### *3. Motion for a New Trial*

DeSalvo moves for a new trial on any Counts as to which the Court declines to grant a judgment of acquittal. As noted above, the Court has more discretion to grant a new trial than it does to

enter judgment of acquittal, because it need not draw inferences in favor of the Government and may weigh the evidence. *United States v. Washington,* 184 F.3d 653, 657 (7th Cit. 1999). But to grant a new trial, the Court must be convinced that "the verdict is against the manifest weight of the evidence." *Id.*

DeSalvo argues that this Court should ignore evidence of how he spent the refund he received, because in his view it does not establish whether the returns at issue were proper. The Court, however, sees that evidence as tending to show that DeSalvo had an economic motive to steal money from the IRS, and thus as probative of why he filed the false claims. In light of its probative value, the evidence was not unduly prejudicial.

DeSalvo protests that the Government, at closing, argued improperly that the money refunded to DeSalvo could have been used for important government programs. The Government was required to prove that the money taken constituted a loss of money or property to another. Thus, the Government was entitled to comment on how the Government uses its revenue, because doing so shows that the money obtained by DeSalvo should have been spent elsewhere. Moreover, the Government did not say anything outside the realm of common sense and common knowledge. The Court sees no basis to grant a new trial.

### C. Defendant Latin

Defendant Latin moves this Court to enter judgment of acquittal as to Counts One, Fourteen, and Fifteen. For the most

part, his arguments are the same as DeSalvo's. Thus the analysis in Part II.B. applies with equal force here, and will not be repeated in full.

For example, Latin argues that the evidence failed to establish that Defendants were engaged in a conspiracy. But as discussed above, the evidence showed that Defendants agreed to commit a crime and worked together to do so. Latin insists that the Government failed to present any evidence that showed his intent to cheat or deceive. But emails that were admitted properly into evidence showed that Defendants discussed the best way to file their returns so they would not be flagged by the IRS. Such evidence permits a factfinder to infer that Defendants intended to cheat or deceive the Government. There is no basis for this Court to enter judgment of acquittal.

Latin moves for a new trial on largely the same grounds as does DeSalvo. As discussed above, the Government was entitled to introduce evidence of how the Government spends its money and how Defendants spent the money that they obtained by filing false claims. Latin argues further that by discussing how the Government would have used the refund money, the Government appealed to the jurors' pecuniary interests improperly. So-called "golden rule" arguments, where a party asks the jurors to put themselves in the position of a party, are improper. *See, e.g.*, *United States v. Schimmel*, 943 F.2d 802, 806 (7th Cir. 1991). Here, however, the Government merely commented on the evidence introduced at trial,

which went toward an element it had to prove; the Government did not invite the jurors to stand in a party's shoes.

Latin also argues that the Court failed to instruct the jury on "willfulness," but that argument is contrary to the law. *United States v. Catton,* 89 F.3d 387, 392 (7th Cir. 1996) (explaining that, under 18 U.S.C. § 287, the government need not prove that a defendant acted willfully). Latin's Motion for a New Trial is denied.

### III. CONCLUSION

For the reasons stated herein, the Defendants' Post-Trial Motions (ECF Nos. 147, 148, 156, and 157) are denied.

**IT IS SO ORDERED.**

                          Harry D. Leinenweber, Judge
                          United States District Court

Date: 11/7/2013